FILED
SEP 1 2 2007
CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE: GRAND JURY PROCEEDING        Misc. No. 07-448

## MEMORANDUM OPINION

Pending before the Court is Petitioner's Emergency Motion to Compel Disclosure of Transcripts of His Prior Grand Jury Testimony. In accordance with the ruling issued from the bench on August 30, 2007, and for the reasons set forth in that ruling as well as those set forth herein, the petitioner's motion will be denied.

This matter is before the Court in response to the D.C. Circuit's recent per curium decision reversing this Court's prior orders denying the petitioner's request to review his grand jury transcripts. *In re: Grand Jury*, 490 F.3d 978 (D.C. Cir. 2007) (per curium). The D.C. Circuit's decision rejected application of the particularized needs analysis to a witness's request to review his own grand jury testimony in favor of a test that balanced the relevant interests. *Id.* at 989 (stating that "the Supreme Court's 'particularized need' standard, which the Court crafted to deal with *third-party* requests for secret transcripts of other witnesses' testimony, does not apply in this *first-party* context). After balancing the witness's interest in ensuring that the transcript accurately reflects his recollections against the government's interests in maintaining grand jury secrecy and preventing witness intimidation,[1] the D.C. Circuit ultimately concluded

---

[1] The D.C. Circuit flatly rejected the government's contention that the interest in grand jury secrecy applies when a witness seeks access to a transcript of his own testimony because, given that the rules prevent disclosure only by third parties, it is a witness's privilege to disclose or withhold his own testimony. *Id.* at 988. Thus, according to the D.C. Circuit, "preventing *the witness* from reviewing the witness's own testimony is entirely unnecessary to guarantee secrecy to witnesses." *Id.* On the other hand, the D.C. Circuit acknowledged that the government was on "firmer ground" with respect to its concern about preventing witness

that "grand jury witnesses are entitled under Rule 6(e)(3)(E)(I) to review transcripts of their own grand jury testimony in private at the U.S. Attorney's Office or a place agreed to by the parties or designated by the district court."[2] *Id.* at 990. In its decision, the D.C. Circuit reserved for another day its opinion about whether grand jury witnesses are entitled to a copy of the transcript of their testimony because "appellants' counsel expressly conceded during oral argument that if the employees were granted access to the transcripts, then they would not need to obtain copies of the transcripts of their prior grand jury testimony." *Id.* at 985, 990 (stating that "we need not and do not resolve the issue of whether witnesses also have a right to obtain a copy of the transcripts of their prior testimony, leaving that issue for another day"). Indeed, the D.C. Circuit emphasized that "[t]he employees have repeatedly made clear that their needs would be fully met through having access only." *Id.* at 985. Consequently, the D.C. Circuit granted the petitioner's request only for access to review his testimony transcript and stated that it "leave[s] to the sound discretion of the district court whether to permit the witnesses' attorneys to accompany the witnesses as they review their transcripts and whether to allow the witnesses or their attorneys to take notes." *Id.*

After an Assistant United States Attorney rejected the petitioner's request to review his transcript with his attorney present and taking notes, the petitioner moved this Court for an emergency order compelling the United States to disclose to his counsel copies of his grand jury testimony transcripts. The petitioner failed, however, to credibly explain why he now needs a copy of the transcript after conceding to the D.C. Circuit that mere access would suffice to

---

intimidation. *Id.* at 989.

  [2] The decision reversed the prior orders issued in the instant matter denying the petitioners' requests to review their grand jury testimony.

2

protect the interests he advanced. *Id.* at 985 n.5 (citing page 14 of the argument transcript). At best, the petitioner claims that the imminence of indictments effects a change in circumstances that warrants the United States providing his attorney with a copy of his grand jury testimony transcripts. Pet'r Reply Br. 1-2. The Court is skeptical that the imminence of indictments is an appropriate standard to apply to find that circumstances have changed such that a witness is entitled to a copy of his grand jury testimony transcripts, particularly since the United States is under no obligation to disclose the date on which it intends to secure an indictment from the grand jury.

The Court also is unconvinced that the petitioner's interest in ensuring the accuracy of the grand jury transcripts and his right to counsel outweigh the compelling interests in preserving grand jury secrecy and preventing witness intimidation. The petitioner is not a target of the investigation and has been offered access to review his transcripts in a manner that would allow him to consult with his counsel outside the viewing room if the necessity arises.[3] More importantly, it is this Court's view that the interests in ensuring grand jury secrecy and preventing witness intimidation have continuing vitality and are compelling when considering whether to disclose actual hard copies of grand jury testimony transcripts to witnesses. The notion that a witness's privilege to withhold or disclose his testimony is sufficient to protect against intimidation might be appealing from an academic standpoint; however, it is this Court's experience that, as a practical matter, permitting witnesses to receive copies of their grand jury

---

[3]     During the hearing held on August 30, 2007, as well as in its legal brief, *see* Gov't Opp'n Br. 2, 5, the United States emphasized that the petitioner's status as a subject of the grand jury investigation has not changed. In addition, the United States stated at the hearing that it anticipated the petitioner would be free to have his counsel available for consultation while reviewing the grand jury transcripts in the same fashion that counsel is available for consultation while a witness testifies before a grand jury.

3

testimony transcripts invites intimidation, even in its most subtle forms.

Moreover, in cases like this one, involving a number of witnesses who are employees of an indicted corporation, many of whom are represented by the same counsel, the availability of copies of grand jury transcripts unacceptably increases the likelihood of unauthorized disclosures of grand jury materials, whether accidental or otherwise, and the likelihood that employees will be reticent about testifying fully and truthfully in light of the possibility that their employer is aware they may obtain transcripts of their testimony. This Court's experience in grand jury matters leads it to conclude that it would be naive to presume witnesses will be uninfluenced by the possibility that copies of transcripts may be available to them. Where would matters stand for all other employee witnesses if one of them voluntarily obtains a copy of his transcript and provides it to his employer to demonstrate his loyalty? This is one of a number of possible scenarios that give the Court pause about the potential for misuse and unauthorized disclosure of grand jury materials, as well as the chilling effect on witness testimony.

Although the petitioner proffered a protective order of sorts according to which disclosure would be made to his counsel, who would be prohibited from disclosing to any other party, the fact of the matter is that his counsel also represents other witnesses in the same investigation and surely would have difficulty compartmentalizing the information he obtained from the grand jury transcript of one witness when counseling the others – not necessarily out of any misconduct but perhaps out of innocent human error. Indeed, in many of these types of investigations multiple witnesses and targets engage in joint defense agreements that further increase the risk that grand jury information will be exposed. Thus, in light of the unique facts of this case, the Court is not persuaded that disclosure would be appropriate absent a demonstration of more compelling interests than those advanced by the petitioner here, who already agreed that access to review the

4

transcripts would protect the very same interests without the need for a copy for his counsel.

Furthermore, the petitioner offered no viable legal, or even logical, basis for asserting that his attorney must be present if he is limited to reviewing his transcript on his own without receiving a copy. The notion that the integrity of the grand jury testimony transcripts, as well as the petitioner's ability to take advantage of the safe harbor provisions of 18 U.S.C. § 1623(d), can be assured only if his counsel is able to review the transcripts is unconvincing. The integrity of grand jury testimony is best assured by the witness testifying truthfully in the first instance;[4] moreover, the witness is in a better position than his counsel to know whether he did, in fact, so testify upon reviewing his transcript on his own. Again, the government has assured the Court that the petitioner may consult with his counsel as needed while reviewing the transcript. Thus, the Court is in agreement with the United States that the expertise of legal counsel is not necessary for the petitioner to assess whether the transcripts reflect inconsistencies or falsehoods that place him at risk for a perjury prosecution or warrant recantation, especially in light of the government's burden in such a prosecution. *See Doe v. United States*, 72 F.3d 271 (2d Cir. 1995) (emphasizing that "this fear is diminished by the fact that in any perjury prosecution based on [a witness's] testimony, the government would have to prove beyond a reasonable doubt that [the witness] knowingly gave false testimony").

---

[4]   Given that counsel is not permitted in the grand jury room when the witness testifies, which logically would be the point in time when expert legal advice would be most helpful, the Court is at a loss to agree that it would be a deprivation to prevent counsel from having access to the transcript of that testimony, which in essence would place him in the grand jury room after the fact, a concern that Judge Kavanaugh alluded to during the oral arguments before the D.C. Circuit. *See* Gov't Opp'n Br. 8-9; Tr. 14-15 (commenting that "I'm not sure why the attorney should be present reviewing the transcript when the attorney can't be present in the grand jury room").

5

## CONCLUSION

For the foregoing reasons, as well as those discussed by the Court during the prior hearing, Petitioner's Emergency Motion to Compel Disclosure of Transcripts of His Prior Grand Jury Testimony will be denied. An appropriate order will accompany this Memorandum Opinion.

September 11th, 2007

Thomas F. Hogan
Chief Judge